IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TERESA JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:20-cv-636 (RDA/IDD) |
| | ) |
| MARRIOTT INTERNATIONAL, LLC, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Marriott International, LLC's Motion for Summary Judgment in this Title VII employment discrimination case. Dkt. 40. Defendant has waived oral argument on the Motion, and the Court dispenses with oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition.

Considering Defendant's Motion for Summary Judgment together with Defendant's Memorandum in Support (Dkt. 41), Plaintiff Teresa Jones's Opposition, (Dkt. Nos. 53; 54), and Defendant's Reply (Dkt. 57), it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED. For the reasons that follow, judgment will be entered against Plaintiff because there are no genuine issues of material fact.

I. BACKGROUND

Although the parties dispute certain facts, the following facts are either undisputed or considered in the light most favorable to Plaintiff, who is proceeding *pro se* in this matter.[1] *See Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (stressing that courts must view the evidence on

---

[1] Plaintiff was represented by counsel in this matter until June 4, 2021, after the Court granted Plaintiff's counsel's motion to withdraw "[d]ue to irreconcilable differences of opinion in the representation of Plaintiff following the judicial settlement conference." Dkt. 28.

summary judgment in the light most favorable to the non-moving party); *see also* Defendant's Statement of Undisputed Material Facts (Dkt. 41 at 2-12); Plaintiff's Opposition (Dkt. 54).

Plaintiff began working as an executive administrative assistant at the Residence Inn Arlington Capital View in Arlington, Virginia in May of 2015, a property owned by Defendant Marriott International, LLC. Dkt. 1, ¶¶ 3, 14. In this role, Plaintiff's job duties included greeting people who entered the hotel's executive offices and guiding them to their destination; responding to letters the hotel received; taking and distributing meeting minutes; handling and distributing mail; creating and maintaining computer- and paper-based filing and organization systems for records, reports, and documents; and using a computer and word processing, spreadsheet, database, and presentation programs. *Id.* ¶ 5. In August of 2018, Marriott decided to eliminate her position because technology improvements had largely absorbed her administrative and clerical duties, and Marriott informed Plaintiff that her remaining duties would be performed by other employees. *Id.* ¶¶ 11-12. Plaintiff apparently expressed interest in the Arlington Capital View's vacant property coordinator position in December of 2018, eventually applying for the job on December 10, 2018. *Id.* ¶¶ 16, 22. She interviewed for the property coordinator position on December 13, 2018. *Id.* ¶ 22.

Brandon Frost, the Arlington Capital View's front office manager, interviewed Plaintiff and three other candidates. *Id.* ¶ 24. Although Frost interviewed Plaintiff in a public area of the hotel, he interviewed another candidate—Lynn Dillon—in the hotel restaurant's private dining area. *Id.* ¶ 27. Dillon was ultimately hired for the position. *Id.* ¶ 42. Plaintiff alleges that Frost's interview process was biased, that Frost deviated from Marriott hiring guidelines in conducting her interview, that he engaged in age-based discrimination against her, and that she was not hired

2

for the property coordinator position even though she was the most qualified candidate for the job. *Id.* ¶¶ 39, 44.  Plaintiff was terminated on December 28, 2018.  Dkt. 1, ¶ 7.

Plaintiff filed a Charge of Discrimination with the United States Equal Opportunity Employment Commission ("EEOC") on March 27, 2019.  Dkt. 54, ¶ 47.  The EEOC issued a charge finding on February 6, 2020, finding that it was "reasonable to believe age played a factor in" Defendant's hiring decision based on the information before it.  Dkt. 54-4 at 2.  The EEOC issued Plaintiff a right-to-sue letter on March 9, 2020.  Dkt. 54, ¶ 47.  Plaintiff filed her Complaint in this Court on June 5, 2020 alleging two counts of age discrimination: (1) discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and (2) and failure to hire in violation of the ADEA.  Dkt. 1, ¶¶ 79-104.

Defendant moved for summary judgment on September 15, 2021.  Dkt. 40.  Plaintiff filed her opposition on October 6, 2021.  Dkt. 54.  Defendant filed a reply brief on October 12, 2021.  Dkt. 57.  Then, Plaintiff filed a surreply on October 22, 2021.  Dkt. 58.  Later that day, Defendant moved to strike Plaintiff's surreply.  Dkt. 59.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  "A material fact is one 'that might affect the outcome of the suit under the governing law.'  A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 615-16 (E.D. Va. 2014) (quoting *Spriggs v. Diamond Auto. Glass*, 242 F.3d 179, 183 (4th Cir. 2001)).  The moving party bears the "initial burden" of showing that there is no genuine issue of material fact.  *Sutherland v. SOS Intern., Ltd.*, 541 F. Supp. 2d 787, 789 (E.D. Va. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  "Once a motion for summary

judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

On summary judgment, a court reviews the evidence in the light most favorable to the non-moving party. *McMahan v. Adept Process Servs., Inc.*, 786 F. Supp. 2d 1128, 1134-35 (E.D. Va. 2011) (citing *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003)). Here, Plaintiff is the non-moving party and all reasonable inferences are accordingly drawn in her favor. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 570 (4th Cir. 2015) (quoting *Tolan*, 572 U.S. at 657). This "fundamental principle" guides a court as it determines whether a genuine dispute of material fact within the meaning of Rule 56 exists. *Id.* "[A]t the summary judgment stage[,] the [court's] function is not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A factual dispute alone is not enough to preclude summary judgment. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. And a "material fact" is one that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). The substantive law determines whether a fact is considered "material," and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material fact" arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Anderson*, 477 U.S. at 248.

Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). And this Court requires that the non-moving party list "all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." E.D. Va. Loc. Civ. R. 56(B).

### III. ANALYSIS

After reviewing the factual record on a Rule 56 motion, this Court must determine whether summary judgment is appropriate as to any of Plaintiff's ADEA claims or whether genuine issues of material fact exist as to Plaintiff's claims. Defendant served the proper notice required under E.D. Va. Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). This notice included a warning that "Plaintiff must identify all facts stated by Defendant with which Plaintiff disagrees, and must set forth Plaintiff's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury)." Dkt. 40 at 1.

Plaintiff's Opposition is premised entirely on her own uncorroborated version of events. Because these statements are not supported by the record, they would not be admissible at trial and do not constitute competent evidence on summary judgment. *See, e.g.*, *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) (holding that self-serving testimony "cannot, absent objective corroboration, defeat summary judgment"); *Caldwell v. Duke Energy Corp.*, 41 F. App'x 674 (4th Cir. 2002) (stating that "self-serving, unsubstantiated statements in opposition to the

5

employer's evidence . . . is insufficient to stave off summary judgment") (citing *Williams v. Cerebronics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989)).

Against this backdrop, the Court turns to the merits of Plaintiff's ADEA claims. The ADEA forbids employers "from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age." *E.E.O.C. v. Baltimore Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

### A. ADEA Discrimination Claim

Plaintiff first brings a claim of age discrimination under the ADEA. To prevail on an ADEA discrimination claim through pretext rather than on direct evidence of age discrimination, a plaintiff must make a *prima facie* showing "that (1) at the time of her firing, she was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) her employer nonetheless discharged her; and (4) a substantially younger individual with comparable qualifications replaced her." *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

The bulk of Plaintiff's allegations fall within her failure-to-hire claim under the ADEA, and on summary judgment she appears to largely abandon any claim of ADEA discrimination. *See generally* Dkt. Nos. 1; 54. She fails to demonstrate a genuine issue of material fact as to her ADEA discrimination claim, however, because she has failed to establish that "a substantially younger individual with comparable qualifications replaced her." *Westmoreland*, 924 F.3d at 725. According to Plaintiff, Marriott eliminated her position as an executive administrative assistant because much of her job had been absorbed by advances in technology. Certain other tasks Plaintiff performed were dispersed to other employees, who worked across different Marriott departments. Therefore, Marriott did not "replace" Plaintiff with "a substantially younger

individual"; the company instead eliminated her position altogether. *Cf. Loose v. CSRA Inc.*, No. 19-2394, 2021 WL 4452432, at *2 (4th Cir. Sept. 29, 2021) (holding that "because [the plaintiff's] position was eliminated as part of a merger, he was unable to establish the fourth prong" of ADA discriminatory termination claim). Because Plaintiff's own allegations defeat any claim she was replaced by a substantially younger individual, she fails to establish this element of her *prima facie* ADEA discrimination claim. As a result, Plaintiff's first claim fails on summary judgment.

### B. ADEA Failure-to-Hire Claim

Under the ADEA, the *prima facie* showing a plaintiff must make "is tweaked when the issue involves a failure to promote or failure to hire as distinct from a discharge." *Wright v. N. Carolina Dep't of Health & Hum. Servs., Off. of Educ. Servs.*, 405 F. Supp. 2d 631, 636 n.2. (E.D.N.C. 2005). To establish a *prima facie* failure-to-hire claim under the ADA, Plaintiff must "demonstrate that (1) [she] is a member of a protected group; (2) [she] applied for the position in question; (3) [she] was qualified for the position; and (4) [she] was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998); *see also Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006). If a plaintiff establishes each element of her *prima facie* claim, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for taking the challenged employment action. *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). An employer that comes forward with such a reason carries its burden of persuasion, and the "the burden reverts to the plaintiff to establish that the employer's nondiscriminatory rationale is a pretext for intentional discrimination." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 258 (4th Cir. 2006).

Defendant contends that, even assuming Plaintiff is able to make out a *prima facie* case, her failure-to-hire claim under the ADEA cannot survive summary judgment because Marriott had

a legitimate, non-retaliatory reason for hiring a different candidate for the property coordinator position. An employer that hires one applicant over another based on a difference in the two candidates' qualifications does not violate the ADEA because such differences in employee qualifications "are widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Here, Plaintiff lacked the qualifications of the candidate Defendant ultimately hired for the property coordinator position. Although she had developed meaningful administrative and clerical experience, Plaintiff simply did not have significant experience in managing or facilitating events or acting as a primary contact for such an event; the candidate Marriott hired, on the other hand, brought such experience to bear after having worked in a similar role (as an events specialist) at another Marriott property. Furthermore, Plaintiff lacked experience with Amazon's booking system—a tool the hotel planned to adopt in light of Amazon's 2018 announcement that the company would locate its headquarters in the area. Defendant argues that it saw Ms. Dillon's record of working with Amazon customers and its billing system as a valuable asset in attracting business with the company in the competitive Northern Virginia market. Dkt. 41 at 18.

To prevail at this stage of the burden-shifting framework, Plaintiff must "show both that the reason advanced was a sham and that the true reason was an impermissible one under the law." *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1235 (4th Cir. 1995). She may establish pretext in her ADEA failure-to-hire claim "either by showing that [Defendant's] explanation is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of age discrimination." *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) and *Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002)).

8

Plaintiff meets neither threshold. Although she casts doubt on Defendant's characterization of Ms. Dillon as more "familiar" with the hotel's software and computer applications and suggests such knowledge or experience was not part of the property coordinator's job description, Dkt. 51, ¶¶ 31-34, this sort of speculative assessment falls short of the burden Plaintiff must satisfy to prove that Defendant's reasons for hiring Ms. Dillon cannot be believed. Plaintiff's personal opinions about her competitive edge over Ms. Dillon amount to a speculative assessment, which is insufficient to establish age discrimination as a matter of law. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009) (holding that a plaintiff must prove by a preponderance of the evidence that age was the but-for cause of a challenged employment action). Plaintiff's own self-assessment cannot create a genuine dispute of material fact because the Court must look only to the grounds on which Defendant made the hiring decision, including qualifications determined by interview responses and relevant work experience. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005); *see also DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (explaining that "it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff"); *Russell v. Sessions*, No. 1:18-cv-163, 2018 WL 4137018, at *10 (E.D. Va. Aug. 29, 2018) ("Fourth Circuit 'case law makes plain that [plaintiff's] self-assessment of [her] superior aptitude for the position fails to rebut" an employer's "legitimate explanation" for its hiring decision) (quoting *Moore v. Mukasey*, 305 F. App'x 111, 116 (4th Cir. 2008)). Accordingly, based on the record before it, the Court cannot conclude that Defendant's stated reasons for hiring Ms. Dillon over Plaintiff were pretextual.

Moreover, the EEOC cause finding that Plaintiff references does not constitute circumstantial evidence sufficient to raise a genuine issue of material fact. A plaintiff seeking to establish an age discrimination claim must present affirmative evidence, apart from any finding by

9

the EEOC, to support an ADEA claim on summary judgment. *See Laber v. Harvey*, 483 F.3d 404, 420-21 (4th Cir. 2006) (explaining that an EEOC determination letter does not constitute undisputed evidence of intentional discrimination and holding that a plaintiff must "introduce a genuine issue of material fact" on her claim even where the EEOC has made a finding of reasonable cause on that claim). The EEOC cause finding in Plaintiff's case does not, on its own, create a genuine issue of material fact sufficient to defeat summary judgment on her ADEA discrimination claim.

Neither do Plaintiff's allusions to the perceived unfairness of the interview process amount to competent summary judgment evidence. Plaintiff alleges that Marriott violated its own internal processes in conducting interviews for the Arlington Capital View property coordinator position. *See* Dkt. 54, ¶¶ 35, 38, 41. She also takes issue with the location of her interview and the manner in which it was conducted, arguing that she was treated unfairly by Mr. Frost and that her interview's public setting unfairly damaged her candidacy. *Id.* ¶¶ 38-40. But the summary judgment record belies these allegations. Defendant conducted each of the interviews for the property manager in similar fashion. Dkt. 41, ¶¶ 26-28, 38. Mr. Frost interviewed each of the four applicants selected for interviews, including Plaintiff, in a publicly accessible area of the hotel. He reviewed each applicant's materials and resumes, relied on and used Marriott's "STAR Interview Forms" in each interview, and subsequently discussed each candidate with the hotel's assistant general manager. *Id.* ¶¶ 26-28, 38, 39. To the extent some degree of subjectivity influenced Defendant's ultimate hiring decision, that is a reality of most interview processes that cannot, without more, constitute pretext sufficient to support a claim of age discrimination. *See Adams v. Calvert Cnty. Pub. Sch.*, 201 F. Supp. 2d 516, 522 (D. Md. 2002) ("[T]he fact that the interview process was, to some extent, subjective, does not make the process discriminatory").

Plaintiff's failure-to-hire claim under the ADEA faces still another hurdle. Her allegations of age discrimination are exclusively directed against Mr. Frost. *See* Dkt. 54, ¶ 44. But it is clear from the summary judgment record that Frost lacked ultimate decision-making authority over hiring for the property coordinator position; that authority was left to Terry Duvall. *See, e.g.*, Dkt. Nos. 44-6; 44-7. Were Plaintiff to demonstrate that Frost exercised some "influence or even substantial influence in effecting a challenged decision," *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 291 (4th Cir. 2004), that alone would be insufficient to prevail on summary judgment. Rather, Plaintiff must demonstrate that a reasonable jury could conclude that Frost was the actual decision-maker for Marriott. *See id.* Because the summary judgment record makes clear that person was Terry Duvall and not Brandon Frost, Defendant is not liable under the ADEA even assuming Plaintiff were able to establish Mr. Frost "was improperly motivated" by age discrimination. *Id.*

Plaintiff has failed to rebut Defendant's non-retaliatory reason for her termination "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). Because no reasonable factfinder could conclude Defendant's reasons for failing to hire Plaintiff for the Arlington Capital View property coordinator position were pretextual, summary judgment on Plaintiff's ADEA failure-to-hire claim must be granted.

### C.  Plaintiff's Surreply

On October 22, 2021, Plaintiff filed a surreply in further support of her Opposition without first obtaining or seeking leave of Court to do so. *See* Dkt. 58. Because this filing violates this Court's Local Rules, the Court will grant Defendant's Motion to Strike this improper filing. *See*

E.D. Va. Loc. Civ. R. 7(F)(1) (explaining that after "a non-moving party files a brief in opposition to an opposing party's motion" and the moving party files a reply brief, "[n]o further briefs or written communications may be filed without first obtaining leave of Court").

## IV. CONCLUSION

For these reasons, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Dkt. 40) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Surreply (Dkt. 59) is GRANTED; and it is

FURTHER ORDERED that the final pretrial conference, hearing on the motions *in limine*, and jury trial set in this action are VACATED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment for Defendant pursuant to Federal Rule of Civil Procedure 58 and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
October 29, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge